UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| RONALD L. DAVIS, | ) | |
| | ) | No. 1:13-cv-173 |
| *Plaintiff,* | ) | *Judge Curtis L. Collier* |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES MARSHAL | ) | |
| SERVICE, JEFFREY A. HEDDEN, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM

Ronald L. Davis, a prolific filer who has accumulated more than three strikes pursuant to 28

U.S.C. § 1915(g), filed a *pro se* prisoner's pleadings entitled Federal Tort Complaint filed pursuant

to 28 U.S.C. § 2671 (Court File No. 1) and exhibits in support of his complaint (Court File No. 3),

a petition for a writ of habeas corpus ad testificandum (Court File No. 4), and a deficient motion to

proceed *in forma pauperis* (Court File No. 2).

The Court previously concluded § 1915(g) of the PLRA applies to Plaintiff and prevents him

from proceeding *in forma pauperis*, because, while incarcerated, Plaintiff has had more than three

prior civil rights actions dismissed as frivolous or for failure to state a claim for relief. *See, e.g.*

*Davis v. Bradley*, Civil Action No. 3:95-CV-448 (M.D. Tenn. May 2, 1995) (Order dismissing case

as frivolous); *Davis v. Bradley*, Civil Action No. 3:94-CV-418 (M.D. Tenn. May 18, 1994) (Order

dismissing case as frivolous); *Davis v. Morris*, Civil Action No. 1:93-CV-120 (M.D. Tenn. July 22,

1993) (Order dismissing case as frivolous); *Davis v. Bell*, Civil Action No. 1:93-CV-8 (M.D. Tenn.

August 18, 1993) (Order dismissing case as frivolous); *Davis v. Patterson*, Civil Action No.

1:93-CV-44 (M.D. Tenn. August 17, 1993) (Order dismissing case as frivolous); *Davis v. Harris*,

Civil Action No. 1:92-CV-83 (M.D. Tenn. July 28, 1992) (Order dismissing case as frivolous);

*Davis v. Crossnos*, Civil Action No. 1:92-CV-79 (M.D. Tenn. July 17, 1992) (Order dismissing case as frivolous); *Davis v. Roberts*, Civil Action No. 1:92-CV-18 (M.D. Tenn. March 30, 1992) (Order dismissing case as frivolous); *see also Davis v. Cook*, 4 Fed.Appx. 261 (6th Cir. 2001) (affirming district court's order dismissing § 1983 action pursuant to the three-dismissal rule) and *Davis v. Pugh et. al.,* Civil Action No. 1:08-cv-21 (E.D. Tenn. Feb. 15, 2008) (Order dismissing case under the 3-strikes provision of 28 U.S.C. § 1915(g)); *Davis v. Tennessee Board of Paroles,* 2011 WL 5512540 (M.D.Tenn. 2011) (denying *in forma pauperis* status after concluding Davis is a "three-striker" under the PLRA).

The Court concluded Plaintiff's general and vague allegations were insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. Because the record lacked any evidence of imminent serious physical harm to Plaintiff, the Court determined he must prepay the entire $350.00 filing fee in order to file this action. The Court issued an order requiring Plaintiff to pay the full filing fee within **thirty (30) days** from its May 31, 2013, Memorandum and Order. Plaintiff was notified that if he failed to pay the full filing fee, his complaint would be dismissed without prejudice pursuant to the three-strike rule of 28 U.S.C. § 1915(g).

Although Plaintiff has filed a motion to transfer to CCA-Silverdale (Court File No. 7), which the Court will **DENY** as he has no constitutional right to be transferred, and a notice of appeal from the Court's May 31, 2013, Memorandum and Order, he has failed to file an appropriate and timely response to the Court's May 31, 2013, Memorandum and Order or offer any explanation as to why he has not complied with the Order. Plaintiff's failure to timely respond to the Court's Order results in a finding by the Court that Plaintiff has failed to comply with its Order, thus requiring dismissal of Plaintiff's complaint for noncompliance with its Order and failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases.

Therefore, this action will be **DISMISSED** for Plaintiff's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.


**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**